## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIZABETH HOTCHKISS** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | ) **Civil Action No.** |
| **TRANS UNION, LLC** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

### I.   Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

### II.   Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.   Parties

4. Plaintiff Elizabeth Hotchkiss is an adult individual who resides in the State of Vermont.

5. Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

## IV.     Factual Allegations

6.     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least November 2017 through the present.

7.     The inaccurate information includes, but is not limited to, a federal tax lien.

8.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of public record information that was satisfied but has not been updated to reflect paid.  Due to Defendant's faulty procedures, Defendant failed to update Plaintiff's credit file.

9.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least November 2017 through the present.

10.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

11.     Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendant by such third parties from at least November 2017 through the present.

12. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. Claims

### COUNT ONE – Violations of the FCRA
### Plaintiff v. TU

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, TU was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TU is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

20. The conduct of TU was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   JURY TRIAL DEMAND

21. Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)   Actual damages;

(b)   Statutory damages;

(c)   Punitive damages;

(d)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

(e)   Such other and further relief as may be necessary, just and proper.

        Respectfully submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:  */s/ Mark D. Mailman*
    MARK D. MAILMAN, ESQUIRE
    GEOFFREY H. BASKERVILLE, ESQUIRE
    Land Title Building, 19th Floor
    100 South Broad Street
    Philadelphia, PA 19110
    (215) 735-8600
    Attorneys for Plaintiff

Dated: December 8, 2017